UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AN VAN NGUYEN,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>　　　　　　　　Respondents. | Case No.: 3:25-cv-03404-CAB-VET<br><br>**ORDER:**<br>**(1) PARTIALLY GRANTING HABEAS PETITION [Doc. No. 1]**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. No. 2]** |

Pending before the Court are An Van Nguyen's ("Petitioner") motion for a writ of habeas corpus under 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")], and motion for a temporary restraining order, [Doc. No. 2 ("TRO")].[1]  Petitioner argues that his detention by Immigration and Customs Enforcement ("ICE") since November 11, 2025 violates the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), 8 U.S.C. § 1231(a)(6), and ICE's own regulations.  Petitioner additionally requests that

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

Respondents be prohibited from removing him to a country other than Vietnam ("third country") without notice requirements and other procedural protections. Respondents filed a response to the Petition and TRO, [Doc. No. 7], and Petitioner filed a traverse, [Doc. No. 8]. For the following reasons, the Court **PARTIALLY GRANTS** Petitioner's motion for a writ of habeas corpus and **ORDERS** Respondents to immediately release him from custody under the same conditions of release that existed immediately prior to his November 11, 2025 re-detention.

## I. BACKGROUND

Petitioner is a 70-year-old man who came to the United States from Vietnam in 1981; he later became a lawful permanent resident. [Petition at 3, 5.] After a state felony conviction, Petitioner was ordered removed to Vietnam on October 13, 1999. [Doc. No. 7 at 2.] The government did not remove Petitioner and he was released from immigration detention on March 23, 2000. [*Id.*; Petition at 5.] In connection with additional state criminal arrests or convictions, ICE detained Petitioner at least three more times between 2007–2009 but released him each time. [Doc. No. 7 at 2–3; *see also* Doc. No. 7-2 at ¶ 10 ("[Petitioner] was subsequently released from ICE custody under an Order of Supervision because ICE was unable to obtain a travel document at that time.").]

On November 11, 2025, ICE arrested Petitioner on his front lawn and placed him in detention at the Otay Mesa Detention Center, where he remains. [Petition at 5.] Respondents assert that Petitioner was re-detained because ICE "had determined that Petitioner could be expeditiously removed from the United States pursuant to the outstanding order of removal." [Doc. No. 7-2 at 3.]

## II. LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of

demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

### III. DISCUSSION

#### A. Jurisdiction

Respondents argue that "[t]o the extent Petitioner's claims arise from—or seek to enjoin—the decision to execute his removal order, they are jurisdictionally barred by 8 U.S.C. § 1252(g)." [Doc. No. 7 at 5.] While Petitioner challenges the lawfulness of his continued detention and the due process he is owed before he is removed to a third country, he does not substantively challenge ICE's decision to remove him to an appropriate country. [Doc. No. 8 at 18–20.]

Moreover, holdings from the Supreme Court and the Ninth Circuit squarely contradict Respondents' attempt to limit this Court's jurisdiction. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court rejected the application of § 1252 to limit judicial review of indefinite post-removal-period detentions under § 1231(a)(6) and held "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Id.* at 687–88. And in *Ibarra-Perez v. United States*, 154 F.4th 989 (9th Cir. 2025), the Ninth Circuit held that it had "jurisdiction to review [a petitioner's] purely legal arguments challenging ICE's removal to [a country not named in the removal order] without providing any process that would have allowed him to present evidence supporting his fear of removal to that country." *Id.* at 999.

The Court is thus satisfied of its jurisdiction and proceeds to the merits.

#### B. Petitioner's *Zadvydas* Claim

Petitioner asserts that his detention is unlawful under the Supreme Court's *Zadvydas* decision. [Doc. No. 1 at 13–18.] Respondents do not directly contest that Petitioner has been detained for over six months. [*See* Doc. No. 7 at 7.] Instead, Respondents principally argue that Petitioner "has not established that there is no significant likelihood of removal in the reasonably foreseeable future." [*Id.*]

When a noncitizen is found to be unlawfully present in the United States and a final order of removal is entered, the government ordinarily secures the noncitizen's removal during a subsequent 90-day statutory "removal period." 8 U.S.C. § 1231(a)(1)(A). After that 90-day removal period expires, 8 U.S.C. § 1231(a)(6) allows further discretionary detention for inadmissible or criminal noncitizens. However, the Supreme Court held in *Zadvydas* that this discretionary detention authority does not "authorize indefinite, perhaps permanent, detention" and "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute [8 U.S.C. § 1231(a)(6)]." 533 U.S. at 699. The Court fixed the time of a presumptively reasonable period of post-removal order detention at six months. *Id.* at 701. After this period, once a Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Petitioner thus has the initial burden to show that (1) he has experienced post-removal order detention for more than *Zadvydas*' six-month presumptively reasonable period and (2) there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

Here, Petitioner was ordered removed on October 13, 1999.[2] Nearly two decades have passed since the removal period began, during which Petitioner has spent at least six months in immigration detention. [Doc. No. 7-2 at ¶ 5 (detailing final order of removal on October 13, 1999 and release on bond March 23, 2000); *id.* at ¶ 8 (detailing immigration detention February 11, 2008 to March 7, 2008); *id.* at ¶¶ 9–10 (detailing immigration detention after Petitioner's March 3, 2009 burglary conviction and subsequent release); *id.* at ¶ 11 (detailing Petitioner's current detention).] The 90-day removal period has long passed. Petitioner meets the first *Zadvydas* prong.

---

[2] Neither party has argued a different date on which Petitioner's removal order became final under § 1231(a)(1)(B).

  The Court also finds that Petitioner has met the second prong. Respondents admit that the government has tried—and failed—to remove Petitioner several times over the last twenty years. Respondents argue that this time is different because Vietnam no longer has a blanket policy of refusing to re-patriate pre-1995 immigrants and ICE has successfully "removed at least 587 Vietnamese citizens to Vietnam" in 2025. [Doc. No. 7-2 at ¶ 17.] In essence, Respondents urge the Court to accept *any* evidence of attention to Petitioner's removal, combined with evidence of removal of others to Vietnam, as sufficient to create a significant likelihood of removal in the reasonably foreseeable future. The Court disagrees.

  Respondents offer no evidence of the process required to remove Petitioner (including the communications required with Vietnam), the timeline on which it may occur, or *any* information about where Petitioner's removal is in this process. Indeed, the totality of Respondents' evidence is one vague paragraph asserting that since Petitioner was re-detained on November 11, 2025:

> ICE has worked diligently to effectuate his removal to Vietnam. These removal efforts remain ongoing. Once ICE receives a travel document for Petitioner, his removal can be effectuated promptly.

[Doc. No. 7-2 at ¶ 15.] As this Court previously held, these kind of vague assertions—akin to promising the check is in the mail—are insufficient to show a significant likelihood of removal in the reasonably foreseeable future. *Sun v. Noem*, No. 3:25-CV-02433-CAB-MMP, 2025 WL 2800037, at *2 (S.D. Cal. Sept. 30, 2025). Many of our sister courts agree. *E.g.*, *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("The fact that Respondents intend to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future."); *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) (finding the processing of a travel document insufficient because the government had "not identified what concrete steps ICE has taken to process" the document nor whether the request was submitted to the removal country).

Nor do Respondents provide any facts or arguments to demonstrate that unless Petitioner remains detained, he is unwilling or unable to provide the information needed for Respondents to pursue his removal. Respondents similarly do not provide any facts or argument that when Respondents are able to secure the necessary documentation to effect Petitioner's removal to Vietnam, that Petitioner will not comply.

The time to detain Petitioner for purposes of removal, either under the statutory 90-day removal period or the 6-month *Zadvydas* period, has long passed. Absent the Court's intervention, Petitioner may remain in ICE detention for an indeterminate time, which is contrary to settled law under *Zadvydas*. The Court therefore **PARTIALLY GRANTS** the petition for a writ of habeas corpus and **ORDERS** Petitioner's immediate release from custody under the same conditions of release that existed immediately prior to his November 11, 2025 re-detention.

### C. Petitioner's Regulatory Claim

Because the Court grants the request for relief under *Zadvydas*, we need not address Petitioner's additional claim based on ICE's alleged violation of its own regulations that govern the process for re-detention.

### D. Petitioner's Request to Enjoin Third Country Removal

Petitioner also requests that the Court enjoin Respondents from removing Petitioner to a third country without certain notice requirements and other protections. [Petition at 22.] But Respondents aver that "ICE is not seeking to remove Petitioner to a third country." [Doc. No. 7-2 at 3.] And is there is no evidence before the Court that if a third country is identified, Respondents will contravene Ninth Circuit precedent requiring Petitioner to be notified that he may apply for appropriate relief, including withholding of removal to that third country. *See, e.g., Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). It is thus premature on the current record for this Court to order injunctive relief related to

Petitioner's potential future removal to an unidentified third country.  The Court **DENIES** Petitioner's request for relief on this issue.

## IV.    CONCLUSION

Based on the foregoing, Petitioner's application for a writ of habeas corpus is **PARTIALLY GRANTED** such that the Court **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions of release that existed immediately prior to his November 11, 2025 re-detention.  The Court **DENIES** Petitioner's request to enjoin Respondents with respect to third country removal.  The Court **DENIES AS MOOT** Petitioner's motion for a TRO.  [Doc. No. 2.]

The Court also finds it appropriate to **PROHIBIT** Respondents from re-detaining Petitioner unless there is a significant likelihood of removal in the reasonably foreseeable future.

The Clerk of Court shall close the case.

It is **SO ORDERED.**

Dated:  December 16, 2025

Hon. Cathy Ann Bencivengo
United States District Judge